UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JOHN RATLIFF, )<br>)<br>Plaintiff, )<br>) Civil Action No. 5:10-187-JMH<br>v. )<br>)<br>FIRST TECHNOLOGY CAPITAL, INC., ) **MEMORANDUM OPINION AND ORDER**<br>)<br>Defendant. ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon the Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction [DE 3]. Plaintiff has filed a Response [DE 6], and the time for reply has expired with no further filing by Defendant. Accordingly, this motion is ripe for decision.

Defendant argues in its Motion that diversity jurisdiction does not exist in this Court because Ratliff cannot prove that it is "more likely than not" that his claims "would exceed the jurisdictional floor of $75,000."[1] However, FTC overlooks the fact that Plaintiff filed his Complaint *in this Court*, asserting that this Court has original jurisdiction over the matter under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000 [DE 10]. Thus, FTC asks this Court, in error, to resolve this matter using the rule which

---

[1] Defendant does not dispute that Plaintiff, a citizen of Illinois, and Defendant, a Kentucky corporation, are citizens of different states.

-1-

applies to a defendant who removes a matter from state court to federal court, not to a plaintiff who brings a case in federal court claiming diversity jurisdiction. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1992), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

The proper inquiry is as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

*Saint Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Gafford*, 997 F.2d at 157 (stating that "if a plaintiff brings an action in federal court and a defendant seeks dismissal on amount-in-controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith."); *Wood v. Stark Tri-Count Bldg. Trades Council*, 473 F.2d 272, 273 (6th Cir. 1973) ("If the plaintiff's claim is in good faith for an amount higher than the jurisdictional amount, then jurisdiction exists in the federal court unless it appears to a legal certainty that more than the jurisdictional amount could not be recovered by the plaintiff.") Moreover, as stated by the Sixth Circuit, "[i]n application of the legal certainty test, most courts have found a legal certainty that

more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by the plaintiff." *Wood*, 473 F.2d at 274. Thus, the Court would have to find that Ratliff's claims are made in bad faith or find to a legal certainty that he cannot recover an amount that exceeds $75,000. For the reasons which follow, the Court cannot so find, and FTC's motion fails.

In his Complaint, Plaintiff avers that Defendant violated KRS 377.055 and 337.060 and committed the tort of conversion in violation of Kentucky law when it failed to reimburse him for business expenses and compensation that were due to him by agreement of the parties. Ratliff avers that the "wage agreed upon" or the "wages earned" and subject to recovery under KRS 337.055 and 337.060 include his medical and apartment-related expenses, which Ratliff paid out of his own pocket and for which FTC allegedly agreed to reimburse him. Damages available for violation of these statutes includes "the full amount of such wages, . . . an additional amount as liquidated damages, and . . . costs and such reasonable attorney's fees as may be allowed by the court." KRS 337.385(1). Potential recovery for attorney's fees should be included in the amount in controversy where, as here, those fees are authorized by statute. *Williamson v. Aetna Life Insurance Co.*, 481 F.3d 369, 377 (6th Cir. 2007). Ratliff's Complaint avers that the full amount of wages due under Kentucky

statute plus the permitted liquidated damages would equal $33,346.32. Plaintiff Ratliff has also requested an award of attorney's fees and has not asserted that his attorneys' fees are or will be less than the $41,654.68 necessary to bring this case above the $75,000 amount in controversy requirement found in 28 U.S.C. § 1332. For better or for worse, litigation can be an expensive proposition, and there is no suggestion that Ratliff has requested fees which could ultimately amount to greater than $41,654.68 in anything less than good faith. All told, Plaintiff's claims under KRS 377.066 and 337.060 could yield in excess of $75,000 in damages payable by Defendant. This sum controls the claim as it was apparently made in good faith.

Further, punitive damages may be considered in an evaluation of the amount in controversy where available under state law. *Klepper v. First American Bank*, 916 F.2d 337, 341 (6th Cir. 1990). Ratliff's claim of conversion in this matter, if proven, could justify an award of punitive damages under Kentucky law. *Id.; see Craig v. Bishop*, 247 S.W.3d 897, 905 (Ky. 2008) (stating that "our case law has made clear that punitive damages may be awarded for conversion if the defendant's conduct is especially reprehensible"); *Hensley v. Paul Miller Ford, Inc.*, 508 S.W.2d 759 (Ky. 1974) (concluding that punitive damages may be awarded in a conversion case); *see also Motor Ins. Corp. v. Singleton*, 677 S.W.2d 309, 315 (Ky. App. 1984) (reaffirming that "[i]n a

conversion action, if the injury complained of is the result of the defendant's gross negligence or his recklessness, punitive damages are recoverable").

Here, Plaintiff avers that Defendant had no lawful basis for failing to reimburse Ratliff for the same business expenses that it had previously paid him when he was employed and that the failure to reimburse these expenses was malicious and oppressive because FTC sought to use the failure to reimburse these expenses as leverage to obtain an equity position in a business venture in which FTC had decided not to invest. [Compl. at ¶¶ 19-21.] Specifically, Plaintiff avers that FTC responded to Ratliff's requests for payment and assertion of his rights under KRS Chapter 337 with threats of litigation against him if FTC did not receive an equity position in a business venture operated by his son. [*Id.*] There is no suggestion that Plaintiff has sought these punitive damages in anything less than good faith or any argument that such damages could not, in good faith, be expected to reach a value of more than $41,654.68.

Finally, as to Defendant FTC's argument that Plaintiff would be unable to recover the full amount claimed because he owes Defendant a refund of some portion of the wages actually paid to him, it is irrelevant to this Court's analysis of diversity jurisdiction on the present motion. "[W]here, as in this case, state law at least arguably permits the type of damages claimed,

the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005); *see also Rosen v. Chrysler Corp.*, 205 F.3d 918, 921-22 (6th Cir. 2000) (holding that in contract rescission cases "the contract's entire value, without offset, is the amount in controversy").

Having evaluated Defendant's Motion to Dismiss and Plaintiff's Complaint, the Court cannot conclude, to a legal certainty, that Ratliff's claim is really not in excess of $75,000 such that dismissal would be justified. Rather, this Court is persuaded that its exercise of jurisdiction over this matter, between diverse parties, is appropriate. Defendant's Motion to Dismiss shall be denied.

Accordingly, **IT IS ORDERED** that Defendant FTC's Motion to Dismiss [DE 3] is **DENIED**.

This 18th day of October, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge